HON. ROUSSEAU A. BURCH,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,
HON. W. W. HARVEY, } JUSTICES.
HON. RICHARD J. HOPKINS,
HON. WM. EASTON HUTCHISON,

No. 27,562.

EDWARD C. WHITE, *Appellant,* v. GEORGE W. WHITE, *Appellee.*

(262 Pac. 499.)

### OPINION DENYING A REHEARING.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion denying a rehearing filed January 7, 1928. (For original opinion see 124 Kan. 449, 260 Pac. 651.)

*Walter F. Jones,* of Hutchinson, for the appellant.
*C. E. Branine* and *H. R. Branine,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The motion for a rehearing is overruled and denied. But with reference to that part of the opinion and instruction to declare a trust and appoint a trustee we wish to suggest it is not the intention or purpose of the court to impose any greater hardship or burden on the owner of the property than is absolutely necessary to protect the legal rights of others, in this case the appellant. It did not require the introduction of evidence in this case to convince the court of the very unfriendly attitude of and bitter feeling between these two litigants, father and son. The pleadings alone were sufficient to justify the court in concluding

Specific Performance, 36 Cyc. p. 736 n. 52.

that the usual natural affection was, temporarily at least, reduced to a minimum. Besides, our own experience teaches us that too often more restrictions and supervision are necessary among relatives than among entire strangers in the adjustment of differences and settlement of disputes. The proposed plan of good faith and fair dealing, as outlined by the appellee in his brief, is ideal. A reciprocal acceptance and confidence would obviate the necessity of further restrictions. This prompts us to suggest that the best way to make this ruling and decision mutually beneficial is by a friendly agreement as to details and methods of preserving the property and conducting the business to protect the rights of all parties and save expense in so doing. We fully realize that, in addition to the extra expense of a trustee, the business of the father will be seriously handicapped and retarded, to the detriment of both parties to this litigation, by the supervision of a trustee, but without closer contact we could do nothing else and be sure of full protection of the rights of the son. However, we recommend to the trial court in connection with the original opinion and order that such modification of the rigor thereof be made as in his judgment can safely be done through the channels of friendly agreement, temporary conveyances, bonds, or other security, so as to afford a reasonable opportunity for the successful handling of the business and the preservation and development of the property to the mutual advantage of these litigants.